

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-22-2006

# Quintero-Valencia v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2000

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Quintero-Valencia v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1550.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1550

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-2000

SANDRA QUINTERO-VALENCIA;
JOHN LOPEZ-QUINTERO,

Petitioners

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

On Petition for Review of a Final Order
of the Board of Immigration Appeals
BIA Nos. A79 659 564 & A79 659 565

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 26, 2006

Before: RENDELL and SMITH, *Circuit Judges*,
and IRENAS, *District Judge**

(Filed February 22, 2006)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

    Sandra Quintero Valencia, individually and on behalf of her son, John Lopez

_____

    *The Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey,
sitting by designation.

Quintero, petitions for review of the decision by the Board of Immigration Appeals ("BIA") denying her motion for reconsideration. Valencia's motion requested that the BIA reconsider its affirmance of the denial by the Immigration Judge ("IJ") of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). For the reasons that follow, we will deny Valencia's petition for review.

## I.

Valencia and her son are natives and citizens of Colombia. She entered the United States in July of 2001, and filed an application in November of 2001 seeking political asylum, withholding of removal, and relief under the CAT. According to her application, Valencia lived in Medellin in 1999 with her son and her boyfriend, Julian Andres Lopez, who owned and operated a grocery store. A neighborhood militia extorted money from Andres on a regular basis. Andres objected to the demands for money and complained to his friend, Juan Carlos, who encouraged Andres to join the paramilitary forces. Andres declined the invitation. After Juan Carlos was killed in January of 2001, Andres was abducted by the militia, beaten, and interrogated regarding whether he belonged to the paramilitary forces. Andres denied any association with the paramilitary forces, and was subsequently released.

Thereafter, Andres and Valencia, together with her son, moved from Medellin to Manizales. Valencia alleged that the militia followed them to Manizales. To escape the militia, Andres, Valencia, and her son traveled to Bogota, where they were able to obtain

fake Spanish passports. From Bogota, they traveled to Venezuela. Eventually, Valencia, her son, and Andres boarded a flight and arrived in Atlanta, Georgia.

Valencia's testimony, however, differed from her application. At her hearing before the IJ, she testified that in February of 2001, Andres refused to pay the militia as they demanded. Thereafter, the militiamen came to the store looking for Andres, hit her, and seized Andres when he returned later that day. Based on Valencia's description of the events, the IJ concluded that Andres's treatment was not based on any suspected affiliation with the paramilitary forces, but was due to his refusal to comply with the extortion demand by the neighborhood militia. In addition, the IJ explained that there was no evidence to support the fact that Juan Carlos, Andres's friend, was a member of the paramilitary or that he had paramilitary sympathies.

After noting several other inconsistencies in Valencia's claim, the IJ denied her application for asylum, withholding of removal, and relief under the CAT. The BIA affirmed, without opinion, the IJ's decision on May 28, 2004. Valencia did not file a petition for review of that decision. Instead, she filed a timely motion for reconsideration on June 28, 2004, arguing that the record supported her claim of political persecution because she had met her burden by showing that the motive for her mistreatment was, in part, based on an imputed political opinion. She also challenged the IJ's adverse credibility finding. The BIA rejected her challenge to the adverse credibility finding, noting that the IJ's decision was supported by the record and that Valencia had failed to provide convincing explanations for the discrepancies and omissions. It also rejected her

3

assertion that the extortion and the mistreatment she and Andres sustained were based in part on an actual or imputed political opinion.

This timely petition for review of the BIA's denial of Valencia's motion for reconsideration followed. The BIA had jurisdiction over Valencia's motion to reconsider pursuant to 8 C.F.R. § 1003.2. We have appellate jurisdiction over the BIA's denial of the motion for reconsideration because it is a final order of removal for purposes of 8 U.S.C. § 1252. *Sevoian v. Ashcroft*, 290 F.3d 166, 171 (3d Cir. 2002).

A motion for reconsideration must "specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). Regulation 1003.2(a) provides that the "decision to grant or deny a motion to . . . reconsider is within the discretion of the Board." 8 C.F.R. § 1003.2(a). Accordingly, we review to determine if the BIA abused its discretion. "Discretionary decisions of the BIA will not be disturbed unless they are found to be 'arbitrary, irrational or contrary to law.'" *Tipu v. I.N.S.*, 20 F.3d 580, 582 (3d Cir. 1994) (quoting *Chung v. I.N.S.*, 602 F.2d 608, 612 (3d Cir. 1979)).

Valencia's motion for reconsideration asserted that the IJ erred by not crediting her testimony because the inconsistencies he identified were minor and because he failed to accord more weight to certain aspects of her testimony. The BIA reviewed the record and concluded that it supported the IJ's adverse credibility finding. In light of the record support for the adverse credibility determination, and the fact that the BIA may not disturb the factual findings of an IJ unless they are clearly erroneous, *see* 8 C.F.R. §

4

1003.1(d)(3)(i), we cannot conclude that the BIA's refusal to reconsider this factual aspect of Valencia's claim was an abuse of discretion. Nor do we find any abuse of discretion in rejecting Valencia's legal argument that she established a mixed motive claim of political persecution. The BIA considered her theory, but was not persuaded that there was sufficient supporting evidence.

We note that in arguing that the BIA abused its discretion in denying her motion for reconsideration, Valencia also asserted that the BIA's decision deprived her of her right to due process. This claim is without merit. Valencia was afforded an opportunity to be heard at a meaningful time and in a meaningful manner. *See Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001) (observing that the fundamental requirement of due process is that the individual be afforded an opportunity to be heard) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976)).

We will deny Valencia's petition for review.